UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KIMBERLY DAWN VANDEWALLE**　　　　CASE NO:  4:14-cv-00679-RH-CAS
**and DOROTHY PENTON,**

　　　Plaintiffs,

vs.

**LEON COUNTY, FLORIDA**
**ANDREW SELTZ in his individual**
**Capacity and CHAD ABRAMS, in his individual**
**capacity,**

　　　Defendants.
_____/

## AMENDED COMPLAINT

　　　Plaintiff, KIMBERLY DAWN VANDEWALLE and DOROTHY PENTON, hereby sue Defendants, LEON COUNTY, FLORIDA, ANDREW SELTZ, in his individual capacity and CHAD ABRAMS, in his individual capacity, and alleges:

## JURISDICTION

　　　1.　　This is an action brought under §112.3187, Florida Statutes, for claims which are individually valued in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs, interest and attorney's fees.  This case was removed to this Court by the Defendant.

　　　2.　　The Plaintiffs' claims for relief are also predicated upon the First Amendment to the United States Constitution, brought through 42 U.S.C. §1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the Plaintiffs by the Constitution and laws of the United States, and by 42 U.S.C. §1988 which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought

pursuant to 42 U.S.C. §1983.

## THE PARTIES

3.     At all times pertinent hereto, Plaintiff, KIMBERLY DAWN VANDEWALLE, has been a resident of the State of Florida.  She was employed with Defendant LEON COUNTY, FLORIDA at all times pertinent hereto and is *sui juris*.

4.     At all times pertinent hereto, Plaintiff, DOROTHY PENTON has been a resident of the State of Florida.  She was employed with Defendant LEON COUNTY, FLORIDA, at all times pertinent hereto and is *sui juris*.

5.     At all times pertinent hereto, Defendant, LEON COUNTY, FLORIDA (hereinafter "LEON COUNTY"), has been organized and existing under the laws of the State of Florida, and has been an "employer" as that term is used under the applicable laws set forth above.

6.     At all times pertinent hereto, Defendant, ANDREW SELTZ, was the Director of Animal Control for Defendant LEON COUNTY.  Upon information and belief, Seltz resided within the jurisdiction of this Court at the time the events described below occurred.

7.     At all times pertinent hereto, Defendant, CHAD ABRAMS, was the Acting Director of Animal Control for Defendant LEON COUNTY.  Upon information and belief, Abrams resides within the jurisdiction of this Court.

## CONDITIONS PRECEDENT

8.     Plaintiffs have satisfied all conditions precedent to filing this action.

## STATEMENT OF THE ULTIMATE FACTS

*Initial Reporting by Kimberly Dawn VanDeWalle*

9. Plaintiff VanDeWalle began her employment with Defendant Leon County on October 20, 2008, and held the position of Senior Animal Control Officer until she was told she was terminated by Defendant Abrams on or about December 8, 2014. Thereafter, Plaintiff appealed her termination and was fired by Defendant County through its final policymaker, Ken Morris, Assistant County Administrator, who upheld the termination by Defendant Abrams, which termination was based at least in part on actions taken against Plaintiff by Defendant Seltz prior to his departure from the Defendant County in October, 2014. Defendant Seltz intended for action to be taken against Plaintiff VanDeWalle including her termination prior to his departure.

10. During Plaintiff's employment with Defendant Leon County, in April, 2014, she reported in writing that Defendant Andrew Seltz, the Director of Animal Control, perjured himself as he lied under oath in January, 2014 at a court proceeding by testifying that a citizen's dog was unleased, which would support a false violation of law/ordinance by the citizen that he knew had never occurred. Plaintiff also advised a hearing officer during another court proceeding in January, 2014 that Seltz ordered her to write a citation that was inaccurate which resulted in a false charge against a citizen. Seltz was present to hear Plaintiff object to his action before the hearing officer. This was a matter of public concern in that the Director of Animal Control is a public servant and entrusted to treat citizens fairly. He was untruthful by alleging a violation against the citizen that had never occurred and in prosecuting this alleged violation against the citizen, which is a matter of public concern.

11. Plaintiff VanDeWalle both blew the whistle on Seltz and engaged in First Amendment activity when she wrote to Defendant Leon County about Seltz's actions and when

3

she was called into an inquiry by Defendant and was a part of an investigation by the State Attorney's office into this matter.

12.     Since reporting that Seltz committed perjury, Plaintiff was subjected to a series of retaliatory actions, including being denied a requested transfer on June 5, 2014 to the Leon County Veterans Service Division that was previously approved prior to reporting that Seltz committed perjury.

13.     In or around June, 2014, Defendant Seltz also produced a fraudulent dispatch log to make it appear that Plaintiff, alone, left early one day but whited out another employee who also left early.  Seltz also provided misleading daily activity reports to make it appear that Plaintiff's job performance had fallen below satisfactory.  At the time of these reports, Seltz knew that Plaintiff was studying for her Veteran's Services examination and working with Veteran's Services, which had been approved by Seltz and he knew that she was not working the number of cases that she previously worked because of these other activities. Seltz also went out of his way to embarrass and humiliate Plaintiff in front of her peers.

14.     After Plaintiff reported Seltz as related in part above, Plaintiff also needed a pair of new boots as the boots had a hole in them which was a safety hazard.  Each time Plaintiff VanDeWalle asked for a pair of new boots, Seltz kept telling her she would have to wait.  It is a health hazard for Plaintiff to wear clothing including boots that could risk infection.

15.     In October, 2014, prior to Seltz's departure, he signed documents falsely accusing Plaintiff of insubordination.   Defendant Abrams replaced Seltz in October, 2014 and continued to retaliate by making false allegations against her of poor job performance. Abrams was aware of Plaintiff's whistle blower disclosures and First Amendment activities as she told him about

them and submitted additional writings stating that she was the victim of retaliation due to these activities.

16. On or about November 18, 2014, Ms. VanDeWalle filed a lawsuit against Defendant alleging both whistle blower and First Amendment retaliation.

17. On or about December 8, 2014, Ms. VanDeWalle was suspended without pay for allegedly making false allegations in her grievance. She was notified that same day that she was going to be fired. She was falsely accused of not properly performing her job duties, many of which were based on Seltz's comments and actions against her, including the false allegation by Seltz of insubordination.

18. Plaintiff appealed her termination to the County Administrator, Vince Long, but his designee, Ken Morris, heard Plaintiff's appeal, which again contained her written whistle blower disclosures and First Amendment activities as well as allegations of retaliation since engaging in these activities. Morris was also aware that she filed a lawsuit.

19. Plaintiff's appeal was denied on or about February 11, 2015. The denial was signed by the Assistant County Administrator, Ken Morris. She was fired by Morris, acting as the final policymaker for the Defendant County, after knowledge of her allegations of retaliation, as set forth in part above.

### *Reporting and Retaliation against Dorothy Penton*

20. Plaintiff Penton began her employment with Defendant Leon County on or around April 21, 2003. At the time of her wrongful termination on June 25, 2014, she held the position of Field Supervisor.

21.     Director Andrew Seltz became employed with the Defendant Leon County on November 12, 2012.  As the Field Supervisor, Plaintiff Penton was tasked with the responsibility of assisting Seltz with becoming familiar with the procedures and policies of the Defendant County.  This included but was not limited to teaching him about the database within the Defendant County, cases, bite reports, citations, reports and officer training as well as community outreach.

22.     Plaintiff Penton maintained the Director's duties for one year without additional compensation.

23.     After Plaintiff VanDeWalle had objected to the perjury by Seltz, Penton began to object to Seltz about the way he was treating Plaintiff VanDeWalle and to his retaliation against her.  Thereafter, Seltz began to retaliate against Plaintiff Penton.

24.     Seltz refused to allow Plaintiff Penton to order supplies as needed, including ordering new boots for Plaintiff VanDeWalle as discussed above.

25.     Plaintiff Penton along with Plaintiff VanDeWalle and one other employee met with County Administrator Vince Long on or about April 9, 2014, and told him about the unfair treatment of Plaintiff VanDeWalle due to her objections to perjury by Seltz and his actions against at least one citizen.  Penton told Long about her observations of abuse by Seltz against VanDeWalle due to her disclosures described herein and the subsequent retaliation against them by Seltz.

26.     Seltz continued to take adverse actions against Plaintiff Penton even after her reporting to Long.

27.     On or about June 23, 2014, Plaintiff VanDeWalle sent a Grievance Letter to Long by email. This letter stated in part: "I am being retaliated against by Director Seltz for reporting his unethical conduct and refusing to follow commands that are unethical and against County policy. I am requesting that a full investigation is conducted on this matter." Plaintiff also detailed, in part, her previous record of reporting and requested an investigation of her allegations.

28.     On or about June 25, 2014, Plaintiff Penton was suspended without pay by Seltz on the allegations of making a false statement to a coworker.

29.     Cara Aldridge, another Animal Control Officer, had made a statement on or about May 6, 2014 that Seltz alleged was false, but Defendants took no adverse action whatsoever against Aldridge. Thus, the allegations against Plaintiff were only a pretextual reason for her termination.

30.     The letter given to Plaintiff on June 25, 2014 informing her of her suspension stated that the intent of Defendant Leon County was to terminate her employment and that Plaintiff was suspended "pending termination."  Defendant Seltz wrote that letter and made the decision to fire her.

31.      Plaintiff appealed her decision, in accordance with county policy, first by attending an informal hearing with Seltz and Amy Cox, Defendant Leon County's Human Resources Manager, on or about June 30, 2014. At this hearing, Plaintiff reported that she witnessed harassment and constant badgering of Plaintiff VanDeWalle and that she herself was retaliated against for defending VanDeWalle. The decision to terminate Plaintiff at this first-level appeal was made immediately, as Plaintiff was informed of this decision on or about June 30,

2014. This letter was signed by Seltz and carbon copied to Alan Rosenzweig, Deputy County Administrator, LaShawn Riggins, Assistant County Attorney, and Kim Dressel, Senior Assistant to the County Administrator. This first-level appeal merely rubber-stamped the initial decision.

32. A second-level appeal hearing regarding Plaintiff's termination was held on or about July 7, 2014. Defendant Leon County's appeal process required Plaintiff to present evidence at a hearing conducted by Defendant. Plaintiff presented evidence of Seltz' misconduct and subsequent retaliation against her, as described in part herein, including the statements of several witnesses. The hearing committee consisted of Cristina Paredes, Intergovernmental Affairs and Special Projects Coordinator, and Cox. Upon information and belief, Vince Long, as the County Administrator, was to be present at this hearing. However, Long did not attend. The decision to uphold Plaintiff's termination was announced to Plaintiff just three days later on or about July 10, 2014. The letter given to Plaintiff informing her of Defendant's decision was signed by Cristina Paredes, who was the final policymaker with respect to Plaintiff Penton's termination.

33. Thus, Defendant's final decision-maker either rubber-stamped Seltz' decision and Plaintiff was afforded no meaningful review or she took retaliatory action against Plaintiff Penton for her protected whistleblowing and/or First-Amendment activity, all of which was known to Paredes and to Cox, who also attending the appeal meeting during which Plaintiff disclosed the matters set forth in part above.

34. Plaintiffs have retained the undersigned to represent her interests in this cause and are obligated to pay her a fee for her services. Defendant should be made to pay said fee under the laws cited herein.

## COUNT I
## VIOLATION OF PUBLIC WHISTLE BLOWER ACT
### (Brought by Plaintiff VanDeWalle only)

35. Paragraphs 1-34 are incorporated herein by reference.

36. This is an action against Defendant under §112.3187 et seq.

37. Plaintiff is a public employee protected under Chapter 112, Florida Statutes.

38. As stated more specifically, in part, above, Plaintiff reported and disclosed violations of state rules, regulations and laws to a person who had the authority to investigate, police, manage and otherwise remedy the violations of rules, regulations and laws reported by Plaintiff. Plaintiff reported malfeasance, misfeasance, and other acts specifically outlined in §112.3187 (5), et seq., Florida Statutes.

39. After providing information as well as reporting these matters as related more fully above, Plaintiff was the victim of retaliatory actions as set forth more fully above.

40. Plaintiff's positions and responsibilities within Defendant were adversely affected as a result of reporting violations of rules, regulations and laws specified in part above.

41. These actions were taken against Plaintiff after they objected to and/or reported matters that they reasonably suspected were and/or actually were incidents of gross misconduct, malfeasance, and/or misfeasance within Defendant.

42. These reports were conveyed in writing and/or were made to supervisors and/or other persons within the Defendant who could remedy the violations. After reporting these matters within Defendant, adverse actions were taken against Plaintiff.

43. Under §112.3187(4), Defendant is prohibited from taking adverse personnel action against persons like Plaintiff who disclose the types of information disclosed by Plaintiff.

9

Specifically, Defendant is prohibited from dismissing, disciplining or otherwise taking any other adverse personnel action against an employee for disclosing information pursuant to the provisions of §112.3187(4), Florida Statutes. Under §112.3187(3)(c) "adverse personnel action" is defined as "the discharge, suspension, transfer or demotion of any employee or the withholding of bonuses, the reduction in salary or benefits, or any other adverse action taken against an employee within the terms and conditions of employment by an agency or independent contractor."

44. After making the disclosures identified in part above, Plaintiff suffered adverse employment action, which adverse actions are reported in part above.

45. Plaintiff maintains that the actions of all employees within Defendant who affected her employment adversely did so in retaliation against her for her "whistle blowing" activities.

46. As a direct and proximate result of the actions taken against her by Defendant, Plaintiff has suffered injury, including but not limited to loss of benefits, and other tangible and pecuniary damages. These damages have occurred in the past, are occurring at present and will occur in the future.

**COUNT II**
**FIRST AMENDMENT RETALIATION**
**(Brought against Leon County)**

47. Paragraphs 1-34 are incorporated herein by reference. This Count is pled in the alternative. This claim is against Leon County. Seltz, Abrams, Morris and Paredes, who were all final policymakers for Leon County in the decisions he made involving Plaintiffs.

48.     Defendant Leon County, through Seltz, Abrams, Morris and Paredes, as a final policymakers, operated to violate Plaintiffs' rights under the First Amendment, brought through 42 U.S.C. §1983.  These violations were of the type and character as to which any reasonable person would be aware.  Both Plaintiffs rights to freedom of speech were violated when they both spoke on matters of public concern, VanDeWalle in writing and through her objections to Seltz's untruthfulness, and Penton, through her objections to the retaliation against VanDeWalle and association with VanDeWalle.  Public employees like Plaintiffs have the right to engage in First Amendment activities without the fear of reprisal.

49.     Defendant County, through Seltz, Abrams, Morris, Paredes and others, retaliated against Plaintiffs for their First Amendment activity as alleged herein by taking adverse employment actions against them including but not limited to Penton's termination and other actions such as revoking a transfer for VanDeWalle and her termination.

50.     Defendant County, through its final policymakers, deprived Plaintiffs of their right to freedom of speech as guaranteed by the First Amendment to the Constitution of the United States.

51.     Defendant County is a person under the laws applicable to this action.

52.     Defendant Leon County, through Seltz, Abrams, Morris and Paredes, as final policymakers, misused their power, possessed by virtue of state law and made possible only because they were clothed with the authority of state law.  The violation of Plaintiffs' rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.  Seltz, Abrams, Morris and Paredes were either the final policymakers or the recommenders with respect to the adverse actions complained of herein.

53. The foregoing actions of this Defendant were willful, wanton and in reckless disregard of Plaintiffs' rights.

54. Seltz, Abrams, Morris and Paredes personally participated in the decisions adverse affecting Plaintiffs in violation of their First Amendment rights to free speech and association.

55. If any other person or entity had to approve the adverse actions against Plaintiffs, they did so by rubberstamping the decisions by Seltz and Abrams and without any investigation or independent decision-making.

56. As a direct and proximate result of the Defendant's actions set forth herein, Plaintiffs have been injured and have suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with other tangible and intangible damages. These damages have occurred in the past, and are permanent and continuing. Plaintiffs are entitled to reinstatement and other remuneration attendant therewith including without limitation attorney's fees and costs under 42 U.S.C. §1988.

**COUNT III**
**FIRST AMENDMENT RETALIATION**
**(Brought against Seltz and Abrams in their individual capacities)**

57. Paragraphs 1-34 are incorporated herein by reference. This Count is pled in the alternative.

58. Defendants Seltz and Abrams, in their individual capacities, operated to violate Plaintiffs' rights under the First Amendment, brought through 42 U.S.C. §1983. These violations were of the type and character as to which any reasonable person would be aware.

12

Plaintiffs' right to freedom of speech was violated.  Public employees like Plaintiffs have the right to engage in First Amendment activities without the fear of reprisal.

59. Defendant Seltz retaliated against Plaintiffs and Abrams retaliated against Plaintiff VanDeWalle for their First Amendment activity as alleged herein by taking adverse employment actions against them including but not limited to termination for Penton and the revocation of a transfer for VanDeWalle and her termination.

60. Defendants deprived Plaintiffs of their right to freedom of speech as guaranteed by the First Amendment to the Constitution of the United States.

61. Defendants are persons under the laws applicable to this action.

62. The foregoing actions of Defendants were willful, wanton and in reckless disregard of Plaintiffs' rights.  The law was clearly established at the time that these Defendants took action against Plaintiffs that it was illegal to retaliate against employees who engage in protected First Amendment speech and/or associate with and/or object to retaliation against another person who participates in First Amendment activities.

63. As a direct and proximate result of Defendants' actions set forth herein, Plaintiffs have been injured and have suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with other tangible and intangible damages.  These damages have occurred in the past, and are permanent and continuing.

64. Plaintiffs are entitled to punitive damages against Defendants Seltz and Abrams in their individual capacities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

- (a) that process issue and this Court take jurisdiction over this case;

- (b) that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiffs;

- (c) enter judgment against Defendants and for Plaintiffs awarding damages to Plaintiffs from Defendants for Defendants' violations of law enumerated herein;

- (d) enter judgment against Defendants and for Plaintiffs permanently enjoining Defendants from future violations of law enumerated herein;

- (e) enter judgment against Defendants and for Plaintiffs awarding Plaintiffs attorney's fees and costs;

- (f) award Plaintiffs interest and equitable relief; and

- (g) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues set forth herein which are so triable.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF this 17th day of February, 2015.

s/ Marie A. Mattox
Marie A. Mattox