IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


KIMBERLY DAWN VANDEWALLE,

     Plaintiff,

v.

LEON COUNTY, FLORIDA, and
ANDREW SELTZ,

     Defendants.

_____/

CASE NO. 4:14cv679-RH/CAS


## ORDER COMPELLING DISCOVERY


     This case is three weeks from trial. But it is not ready, because the defendants asserted frivolous objections to requests to produce documents, and the plaintiff did not file a timely motion to compel. The plaintiff says she did not move to compel because the defendants promised to provide documents but ultimately did not provide them. The plaintiff raised the issue at the pretrial conference, asking for only a subset of the requested documents.

     This order compels the production of some, not all, of the documents that were properly requested. And the order awards attorney's fees.

Case No. 4:14cv679-RH/CAS

One of the many objections shows the defendants' approach to the production requests. At the time of the requests, there were three defendants—Leon County and two county officials—and two plaintiffs. The defendants said, in response to each production request (setting it out at full length in response to each request):

> This Request to Produce is served to "Defendant" without further identification. The "Defendant" is repeatedly referred to throughout the Request in the singular. However, the Plaintiffs have named three separate parties as Defendants in this action. The named Defendants each and all objects to this Request as the Request does not indicate to which party it is served.

The defendants surely knew that the plaintiffs requested the documents from the County (most of the documents probably resided with the County, not the individuals) and also from the individuals (in the event they had records of their own). And if there was any doubt about this, a telephone call or email could have cleared it up, in less time than required to cut and paste the rote response so many times. No attorney could possibly have believed the request was not directed, at least, to the County. But even the County asserted the objection. The response showed an entirely unacceptable approach to discovery.

Some of the production requests were well tailored to seek documents that were obviously discoverable and indeed relevant. That the defendants objected to every single request, even those to which no nonfrivolous objection was possible,

Case No. 4:14cv679-RH/CAS

and that they did not produce any documents at all, again shows the defendants' entirely unacceptable approach to discovery. The plaintiffs obtained some of the documents when the defendants listed them as exhibits and so turned them over during the pretrial process.

Production request 4 asked for all documents authored or received by Andrew Seltz or Chad Abrams (the individual defendants) about the plaintiffs. Production request 5 asked for all emails authored or received by Mr. Seltz or Mr. Abrams about the plaintiffs. One of the plaintiffs, Dorothy Penton, is no longer in the case; documents or emails about her are no longer as relevant. And in light of the approaching trial and narrowed issues, production will be compelled only for the most relevant years: 2013 and 2014. The County and the remaining individual defendant, Mr. Abrams, must produce documents and emails about the plaintiff Kimberly Dawn Vandewalle for the period from January 1, 2013, through December 31, 2014.

Under Federal Rule of Civil Procedure 37(a)(5)(A), the party or attorney whose conduct necessitated a discovery motion "must" be ordered to pay the reasonable expenses incurred in making the motion, including attorney's fees, unless the moving party filed the motion before attempting in good faith to obtain the discovery without court action, or the opposing party's position was

"substantially justified," or "other circumstances make an award of expenses unjust."  Unless one of these conditions is met, an award of expenses is "mandatory."  *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. Unit A June 1981)).  A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations, quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163.

Under the circumstances of this case, an award is "mandatory," and I would make an award as a matter of discretion even if an award was not mandatory.  To avoid unnecessary expense in determining the amount of the fee award, this order sets an amount, subject to redetermination.  The amount is low because the motion was made orally.

For these reasons,

IT IS ORDERED:

1.  Ms. Vandewalle's oral motion to compel document production is granted.

2.  By October 13, 2015, the defendants Leon County and Mr. Abrams must make available to Ms. Vandewalle's attorneys, for inspection and copying, all

documents, including emails, within the producing defendant's custody or control, about the plaintiff Kimberly Dawn Vandewalle, for the period from January 1, 2013, through December 31, 2014. A document is not "about" Ms. Vandewalle if it includes nothing more than her signature on a citation or other official document issued to a member of the public or if it deals only with Ms. Vandewalle's salary or benefits. The attorneys should confer in good faith to further narrow this request if necessary to avoid production of documents beyond those the plaintiff seeks in order to prosecute this case.

3. By October 14, 2015, an authorized representative of Leon County and an attorney for Leon County must each file a declaration stating that, to the best of the declarant's information and belief formed after diligent inquiry, Leon County has complied with this Order Compelling Discovery.

4. By October 14, 2015, Mr. Abrams and an attorney for Mr. Abrams must each file a declaration stating that, to the best of the declarant's information and belief formed after diligent inquiry, Mr. Abrams has complied with this Order Compelling Discovery.

5. The defendants' attorneys must pay Ms. Vandewalle $400 as attorney's fees. The attorneys must not pass on the cost to the defendants. If a party asserts that this is not the amount of fees reasonably incurred by Ms. Vandewalle in

connection with the motion to compel, the party may move within 14 days to redetermine the amount, and the matter will be reconsidered *de novo*. Attorney's fees may be assessed against the party who loses any such motion to redetermine. The fees assessed under or based on this order must be paid by October 19, 2015 (if no motion to redetermine is filed) or within 14 days after entry of an order on any motion to redetermine.

SO ORDERED on October 3, 2015.

s/Robert L. Hinkle<br>
United States District Judge